MACKENZIE v. BARRETT, Sheriff.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1906.)

No. 1,173.

HABEAS CORPUS—FEDERAL COURTS—INTERFERENCE WITH PROCESS OF STATE COURTS.

Except under unusual and extraordinary circumstances, a federal court will not issue a writ of habeas corpus for the release of a person held under process issued by a state court in a civil case, on the ground that such court was without jurisdiction in the particular suit, where it has jurisdiction over such suits in general.

[Ed. Note.—For cases in point, see vol. 25. Cent. Dig. Habeas Corpus, § 43.
Jurisdiction of federal courts on habeas corpus, see note to In re Huse, 25 C. C. A. 4.]

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

Upon the petition of appellant, averring that he was unlawfully held in the custody of appellee under a writ of ne exeat, issued from the Circuit Court of Cook County, in the State of Illinois, and the return of appellee that he held appellant in custody under and by virtue of a surrender on a ne exeat bond, the order appealed from was entered by the Circuit Court, denying the petition, discharging the writ, and remanding appellant to the custody of the sheriff.

The further facts are stated in the opinion of the court.

See 141 Fed. 964.

John M. Duffy, for appellant.
Edwin Bebb, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge. This suit grows out of a suit in the Circuit Court of Cook County by one Grace Mackenzie, wife of appellant, against appellant for separate maintenance and support, the petition in that suit averring that appellant abandoned his wife in Chicago, in the state of Illinois, and that appellant is now a resident of the state of Idaho, having property in that state, but having no property in Illinois; and praying for separate maintenance and support of herself and child, and for such other and further relief in the premises as the equities in the case may require.

Ancillary to this petition, the wife filed another petition showing that she had no means of support; that appellant had means amounting to one hundred thousand dollars, all outside of the state of Illinois; that appellant was then in the city of Chicago, but would immediately return to the state of Idaho if not served with the process of the court, thereby leaving the petitioner without security for any decree or order in the way of alimony or otherwise that the court might grant; and praying the writ of ne exeat. And upon this petition the writ was issued, and bonds fixed at the sum of ten thousand dollars, afterwards reduced to four thousand.

Thereafter such proceedings were had in the separate maintenance suit—appellant appearing at the hearing—that an order was entered requiring appellant to pay to his wife the sum of fifteen dollars per week, and the further sum of one hundred dollars for solicitors' fees; whereupon, to obtain his release from the obligation of the ne exeat bond, appellant began a habeas corpus proceeding in the Circuit Court of Cook County; which being denied, the petition under review was filed in the Circuit Court of the United States—the contention of appellant being that the legal consequences of the ne exeat bond deprived him of his liberty and property without due process of law.

The statutes of Illinois provide that a wife, deserted by her husband without her fault, may have a right of action for separate maintenance; the suit therefor to be brought in the county where the husband resides, or, if he shall have moved from the county where the abandonment took place to some other county in the state, then in the county where the abandonment took place; and under the peculiar phraseology of this statute it is insisted, that appellant having moved, not to some other county in the state, but to another state, a separate maintenance suit can not be maintained in the county where the abandonment took place. Admittedly had the husband moved from Chicago, where the abandonment took place, to some other county in the state of Illinois, the Circuit Court of Cook County would have jurisdiction; but the removal having been to another state, the court is said to be without jurisdiction. And upon this postulate, it is argued that the separate maintenance suit, with its accompanying writ of ne exeat, detains the appellant under a void process, because issued from a court wholly without jurisdiction. Another ground urged is, that the writ of ne exeat was issued at a time when appellant's presence in Chicago was in pursuance of a subpœna to attend the criminal court of Cook County.

Whether the appellant, being here under subpœna, was exempt from arrest under the writ of ne exeat, we need not decide. Nor need we decide whether, under the statutes of Illinois, a person residing out of the state, is liable to suit for separate maintenance in the county where the abandonment took place; for the state court, admittedly having general jurisdiction over all suits for separate maintenance, any question as to whether the appellant was properly brought within the jurisdiction of the court, in the specific suit, is a question primarily for the state court to determine. And the state court having jurisdiction of the given subject matter, including the question as to whether the appellant had been properly brought into the suit, a court of concurrent jurisdiction may not intervene, simply because the first court has erroneously held that the party was properly brought into the first case. Except under unusual and extraordinary circumstances not presented by this case, the remedy from such error is by appeal through the state court to the Supreme Court of the United States.

The order of the Circuit Court appealed from is affirmed.